**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDEL DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| ROBERT LIVINGSTON | * | |
|    **PLAINTIFF** | | **CIVIL ACTION** 4-10-cv-61 (CDL) |
| | * | |
| v. | | |
| | * | **FILE NO:** |
| THE HOME DEPOT, INC. | | **Jury Trial Demanded** |
|    **DEFENDANT** | * | |

**COMPLAINT**

COMES NOW Robert Livingston, hereinafter "Plaintiff", and brings this his action as against The Home Depot, Inc., hereinafter "Defendant", and for cause respectfully shows as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

This action is filed under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et. seq., and 42 U.S.C. § 1981a ("Title VII") as well as 42 U.S.C. § 1981 ("1981") and 29 U.S.C. § 2601, et seq., the Family Medical Leave Act ("FMLA"). Plaintiff also seeks an award of costs and attorney's fees for prosecuting this action as provided by 42 U.S.C. § 1988, Title VII, and 29 U.S.C. 2617(a)(3).

Subject matter jurisdiction is conferred upon this court by 28 U.S.C. § 1331, Title VII, and the FMLA.

2.

Plaintiff seeks monetary damages for lost pay and benefits, mental and emotional suffering, liquidated and punitive damages, and a declaratory judgment that Defendant discriminated and retaliated against him on account of his race and sex as well as him having engaged in protected conduct in violation of Title VII as well as on account of his race in violation of §1981 and because the Defendant violated Plaintiff's rights under FMLA by consistently interfering and denying him his right to leave under the same and retaliating against him for seeking to exercise those rights and complaining when those rights were denied.  Plaintiff also seeks reinstatements to his former position with the Defendant.

3.

Plaintiff is a Caucasian male citizen of the United States and who at all times relevant to this complaint was employed by Defendant.

4.

Defendant is a Foreign For Profit Corporation and may be served through its registered agent for service of process in Georgia: The Home Depot, Inc., C/o Brown Jet Center, Inc., 2455 Paces Ferry Road, Atlanta, Georgia 30339.

5.

Venue in this action is proper pursuant to 28 U.S.C. § 1391 - Most of the acts complained of herein which give rise to the instant action occurred in the Columbus Division of the Middle District of Georgia.

## ADMINISTRATIVE REQUIREMENTS

6.

Plaintiff timely filed a Charge of Discrimination based on age and gender against the Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 9, 2010. A copy of the same is attached hereto as Exhibit "A" and made a part of this Complaint as if the allegations asserted therein were made herein verbatim.

7.

Plaintiff received a Notice of Right to Sue from the EEOC dated March 18, 2010 on or about March 21, 2010, and has filed this action within ninety (90) days of his receipt of same. The same is attached hereto as Exhibit "B".

## STATEMENT OF FACTS

8.

Plaintiff was employed by the Defendant for a number of years, and at the time of the incidents which gave rise to the instant action he was employed in the capacity of an assistant store manager, one of three, in LaGrange, Georgia.

9.

In his capacity as an assistant store manager, Plaintiff was responsible for implementing company policies and procedures, and he had considerable latitude in the implementation and execution of his job duties.

10.

Plaintiff's compensation as assistant manager was by salary and bonuses.

11.

The October 2009 incident that was used as the pretext for Plaintiff's discharge, which forms the basis of this complaint, arose out of his management of a policy violation by a female employee, Amy Slocum.

12.

Slocum presented the Plaintiff with a cell phone presentation of a nude performance involving another employee, Tracy Cook.  Plaintiff verbally reprimanded Slocum and instructed her to report to him after Plaintiff had finished a number of his other substantial responsibilities.  Plaintiff had intended on issuing Slocum a final written warning and providing a copy of the same to the Defendant's HR Department.  Plaintiff's solution and proposed timetable for the discipline was well within his authority and discretion.

13.

On October 14, 2009, the day after the verbally Plaintiff reprimanded Slocum, but before he had time to get to the computer to write up the incident, he was summarily discharged for failing to report the matter to more senior channels.  **Terminated on 14th… incident happened one week prior to the 14th… week of investigation.**

14.

Terrance Bellamy, an African-American male assistant manager who had also seen the nude video was not discharged; in fact, he was promoted to a store manager position in Montgomery, Alabama.

15.

Chanda Moldanado, the African-American HR representative for the Defendant, who was also aware of the video was similarly not discharged for knowing about it but not reporting it. Neither was Tracy Cook, the female who produced the nude video.

16.

The Defendant unfairly discriminated against the Plaintiff by terminating him while at the same time retaining and promoting a similarly situated African American male. The Defendant unfairly discriminated against the Plaintiff by terminating him while at the same time retaining an African American female who was also situated similarly to the Plaintiff. In each situation, both African-Americans had knowledge of the nude performance video and the viral way it was spreading through the store, and both had just as much duty as the Plaintiff to report the same.

17.

Plaintiff also acknowledges that prior to the incident which allegedly formed the basis of his termination he had repeatedly requested, and was denied rights and benefits that were due him under the FMLA.

18.

Plaintiff's spouse was pregnant, and the pregnancy created a serious health condition due to complications. In order to care for his spouse, the Plaintiff repeatedly requested leave under the FMLA. 29 U.S.C. §2612(a)(1)(C). Defendant repeatedly denied Plaintiff the requested leave. 29 U.S.C. §2615(a)(1).

19.

Plaintiff's repeated protests for being denied rights under the FMLA was a basis, either singly or in combination with his race and/or sex, for his termination as well as the Defendant's decision to do the same.  29 U.S.C. §2615(a)(1).

20.

All acts by Defendant complained of herein were intentional and were taken in willful disregard for Plaintiff's federally protected rights.

## COUNT I

### Race discrimination: Violation of § 1981

The Plaintiff incorporates by reference each allegation contained in the above paragraphs as though fully repeated herein.

21.

The actions of the Defendant as set out above in discriminating against Plaintiff on racial grounds, were committed with reckless disregard for the Plaintiff's right to be free from discriminatory treatment and retaliation on account of his race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

22.

The effect of the above-mentioned actions have been to deprive the Plaintiff of equal employment opportunities and benefits due him as a worker because of his race.

23.

The Plaintiff has suffered and will continue to suffer irreparable injury from the policies and practices of Defendant as set forth in this Complaint.

24.

The plaintiff is entitled to equitable and monetary relief for the Defendant's violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## COUNT II

## TITLE VII

The Plaintiff incorporates by reference each allegation contained in the above paragraphs as though fully repeated herein.

25.

Defendant's actions complained of herein have violated Plaintiff's rights to be free from gender, sex, and race discrimination as well as retaliation for complaining about the same with regard to the terms and conditions of his employment.

26.

The Plaintiff is entitled to equitable and monetary relief for the Defendant's violation of Title VII.

## COUNT III

## FMLA

The Plaintiff incorporates by reference each allegation contained in the above paragraphs as though fully repeated herein.

27.

By its above stated acts, Defendant violated the Family Medical Leave Act, as amended, 29 U.S.C. §§ 2615 (a), and deprived the plaintiff of all or a portion of the 12 weeks of leave to which he was entitled, 29 U.S.C. § 2612(a)(1), in order to care for his spouse who had a serious health condition, 29 U.S.C. § 2612(a)(1)(C), even if it had to be taken intermittently, 29 U.S.C. § 2612(b)(1).

28.

Because the Defendant violated the FMLA, the Plaintiff is entitled to actual and liquidated damages as set out in 29 U.S.C. § 2617(a)(1),with interest to date, and his attorneys' fees and costs for bringing and litigating this action. 29 U.S.C. § 2617(a)(3). He is also entitled to reinstatement. 29 U.S.C. § 2617(a)(1)(B).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays as follows:

(a) that Summons issue and Defendant be served as by law provided;

(b) that Plaintiff be awarded judgment in his favor with respect to all contentions in his Complaint;

(c) that Plaintiff have an award of actual and liquidated damages as proven at trial;

(d) that Plaintiff have an award of compensatory damages for mental and emotional suffering in an amount to be determined by the enlightened conscious of a jury;

(e) that Plaintiff have an award of punitive damages in an amount to be determined by a jury at trial to be sufficient to prevent such conduct as alleged herein from occurring in the future and commensurate with the harm done to Plaintiff;

(f) that Plaintiff have and recover injunctive relief in the form of reinstatement with the Defendant and, if appropriate, the award of any promotions, bonuses, benefits, and/or or raises to which he would have otherwise been entitled;

(g) that Plaintiff have an award of reasonable attorneys' fees and expenses of litigation;

(h) that all issues triable by jury be tried by a jury;

(i) that all costs of this action be taxed to Defendant; and

(j) for such other and further relief as unto the Court may seem just and equitable in the premises.

This 11th day of June 2010.

/S/John W. Roper
John W. Roper

Prepared by:

John W. Roper
5353 Veterans Parkway, Suite A
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
State Bar No: 614159